1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  MARTIN CAMPBELL,                           CASE NO. 1:09-cv-00719-SMS

10                        Plaintiff,

                                             ORDER GRANTING MOTION FOR
11       v.                                  ATTORNEYS' FEES UNDER
                                             28 U.S.C. § 2412 (D)
12  MICHAEL J. ASTRUE,
    Commissioner of Social Security,

13                        Defendant.         (Doc. 20)

14  _____/

15

16       Plaintiff moves the Court to grant attorneys' fees of $6197.00 under the Equal Access to

17  Justice Act (28 U.S.C. § 2412 (d)) ("EAJA").  The Government objects to Plaintiff's fee request,

    contending that the requested fees are inflated by the inclusion of clerical tasks and by excessive
18
    and duplicative time spent on specific legal tasks.  Having reviewed the motion and its
19
    supporting documentation, as well as the case file, this Court reduces Plaintiff's claim for
20
    attorneys' fees to eliminate clerical tasks and inflated billing, and orders the payment of fees
21
    totaling $3590.88.
22

23  **I.    Legal and Factual Background**

24       On April 21, 2009, Plaintiff, by his attorney Henry Reynolds, filed a two-page form

    complaint appealing the Commissioner's decision denying disability benefits.  Reynolds filed
25
    Plaintiff's opening brief on November 17, 2009; the Commissioner filed opposition on
26
    December 21, 2009.  The Court entered judgment on January 7, 2011.  On March 22, 2011,
27
    Plaintiff filed a motion for attorneys' fees under the EAJA totaling $6197.
28

1

**II.     Discussion**

2

   **A.      Amount of Fee Request**

3

   28 U.S.C. § 2412(d)(1)(A) provides:

4

   Except as otherwise specifically provided by statute, a court shall award to a
   prevailing party other than the United States fees and other expenses, in addition

5

   to any costs awarded pursuant to subsection (a), incurred by that party in any civil
   action (other than cases sounding in tort), including proceedings for judicial

6

   review of agency action, brought by or against the United States in any court
   having jurisdiction of that action, unless the court finds that the position of the

7

   United States was substantially justified or that special circumstances make an
   award unjust.

8

   A prevailing party under the EAJA is one who has gained by judgment or consent decree

9

10

a material alteration of the legal relationship of the parties.  *Perez-Arellano v. Smith*, 279 F.3d

791, 794 (9th Cir. 2002).

11

   Under the EAJA, attorneys' fees must be reasonable.  28 U.S.C. § 2412(d)(1)(A); *Perez-*

12

*Arellano,* 279 F.3d at 794. The Court generally starts with the number of hours reasonably

13

expended on the litigation multiplied by a reasonable hourly rate, and must provide a concise and

14

clear explanation of the reasons for its determination.  *Hensley v. Eckerhart*, 461 U.S. 424, 433,

15

437 (1983); *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).  A court has wide latitude in

16

determining the number of hours reasonably expended and may reduce the hours if the time

17

claimed is excessive, redundant, or otherwise unnecessary.  *Cunningham v. County of Los*

18

*Angeles*, 879 F.2d 481, 484 (9th Cir. 1988), *cert. denied*, 493 U.S. 1035 (1990).  The court has the

19

obligation to exclude from the calculation any hours that were not reasonably expended on the

20

litigation.  *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (*internal*

21

*quotations omitted).*

22

   Plaintiff requests attorneys' fees totaling $6197, attributable to 35.7 attorney hours

23

expended in prosecuting Plaintiff's appeal.  The Government objects to Plaintiff's fee request,

24

citing excessive time spent on clerical tasks and excessive time spent on both the opening brief

25

and preparation of the EAJA request.

26

   Attorneys and paralegals may not legitimately bill for clerical or secretarial work.

27

*Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). "'It is appropriate to distinguish between

28

legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by nonlawyers but which a lawyer may do if he has no other help available.'" *Id.*, quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). "[T]he court should disallow not only hours spent of tasks that would normally not be billed to a paying client, but also those hours expended by counsel on tasks that are easily delegable to non-professional assistance." *Spegon*, 175 F.3d at 553 (*internal quotations omitted).* Clerical work may not be billed since it is part of a law firm's overhead. *Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325-26 (5th Cir. 1980). *See also Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (reducing paralegal bills to account for erroneous billing of clerical work performed by paralegal).

Upon review, the Court finds the following entries to constitute impermissible clerical services:

| | | |
|---|---|---|
| 4/23/09 | prepare and mail summonses | .5 |
| 4/24/09 | prepare and mail materials to marshals service | .8 |
| 4/26/09 | notice of submission of documents | .1 |
| | | 1.4 hours |

Accordingly, the Court will reduce the amount of time requested by 1.4 for activities that reasonably could have been managed by clerical personnel.

Plaintiff further requests 2 hours for preparation of the summons and complaint. The two-page complaint is clearly a word-processing template into which the relevant information was inserted. Although Plaintiff's attorney would have had to instruct clerical personnel regarding the proper form and appropriate inserts for Plaintiff's case, the attorney should have been able to perform his non-clerical functions in one-half hour or less. This entry will be reduced by 1.5 hours.

As submitted to the Court, the substantive portion of the Plaintiff's opening brief consists of sixteen pages: nine of these pages summarize the factual and procedural history of the case. Plaintiff claims 19 hours for its preparation, including 12 hours by attorney Murthy and 7 hours by attorney Reynolds. Five hours of Reynold's time was allocated to editing and amending Murthy's work. The attorneys' review of the agency record was billed separately.

Counsel fees should not include excessive, redundant, or otherwise unnecessary time such as those attributable to the supervision or correction of a junior attorney. *See Hensley*, 461 U.S. at 434. An attorney submitting a fee request should exercise the same billing judgment that he or she would use in preparing a bill for submission to the client, omitting ill-used or unnecessary time. *Id.* Murthy's time was excessive; Reynold's time is attributed partly to editing Murthy's work. The Court will reduce Plaintiff's request by seven hours.

The concept of billing judgment expressed in *Hensley* applies equally to the billing entries associated with the Reynolds' activities before Plaintiff retained his services. Although reviewing the case is necessary in any event to proceed with prosecuting the case once the client has retained the law firm, lawyers would not typically bill clients for entries such as "decide to take [case]" or "send signup material to client," or for multiple follow-up calls intended to set the hook and reel in the business. These entries total 4.3 hours. Allowing time for reasonable review of the case, the Court will reduce the requested fees by 2 hours.

Plaintiffs who are otherwise eligible for EAJA fees are entitled to recover for the time reasonably spent in litigating their request for fees, without regard to whether or not the government's position with respect to the fee request was substantially justified. *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S 154, 160-66 (1990). Plaintiff requests 2.1 hours for preparation of an EAJA settlement letter, .5 hours for follow-up telephone calls and e-mails, and 2.0 hours to prepare the fee application once the parties could not agree to a settlement. The Commissioner objects, noting that the settlement letter he received consisted of "a short four-sentence email from counsel with the billing sheet, attorney assistant declaration and fee agreement attached." Db2. The Commissioner adds that the fee application consisted of the same materials presented for the settlement request plus boilerplate materials used in the fee request in at least one prior case. The Court agrees that the time requested for preparation of the EAJA was excessive and should be reduced to one hour.

**III.    Plaintiff's Assignment of Payment to Attorney**

Attorneys' fees payable under the EAJA (28 U.S.C. § 2412(d)) are appropriately payable to the prevailing litigant, not his or her attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010).

This is because that a fee award under the EAJA is subject to offset for application to federal debts owed by the prevailing party under the Treasury Offset Program (31 U.S.C. § 3716). *Id.* When the party has assigned his or her right to attorneys' fees to his or her attorney, the government may ultimately direct the payment to the assignee if the prevailing party does not owe a debt to the government. *Id.* at 2529.

**IV.    Conclusion and Order**

As set forth above, the Court reduces Plaintiff's fee request by 11.9 hours for 2009 for a reduction of $2059.65 and by 3.1 hours for 2011 for a reduction of $546.47.  The total reduction in the requested fee is $2606.12.

Accordingly, this Court AWARDS to Plaintiff attorneys fees under the EAJA of $3590.88.   Plaintiff having assigned any EAJA payment to which he may become entitled, to his attorney, Henry Reynolds, the Court ORDERS that any balance of the awarded fees remaining after the offset of the fees to satisfy Plaintiff's other federal obligations under the Treasury Offset Program (31 U.S.C. § 3716) shall be paid directly to Henry Reynolds on Plaintiff's behalf.


IT IS SO ORDERED.


Dated:   __June 21, 2011__                      _____/s/ Sandra M. Snyder_____
                                                UNITED STATES MAGISTRATE JUDGE